Andrea M. Kimball, State Bar No. 196485
Email: akimball@luce.com
Ben West, State Bar No. 251018
Email: bwest@luce.com
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, California 92101-3372
Telephone No.: 619.236.1414
Fax No.: 619.232.8311

Attorneys for Defendant Central Recovery Treatment, LLC,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRASSHOPPER HOUSE, LLC, a California limited liability company, doing business as PASSAGES MALIBU, AND PASSAGES SILVER STRAND, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL RECOVERY TREATMENT, LLC, a Nevada limited liability company, doing business as Las Vegas Recovery Center,<br><br>Defendants. | Case No. CV09-9352 DSF (PJWx)<br><br>**ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. Dale S. Fischer<br>Crtrm.: 840<br><br>Complaint Filed: 12/21/2009 |

Defendant Central Recovery Treatment, LLC ("Central Recovery") by and through its undersigned counsel, respectfully submits its Answer and Affirmative Defenses in response to Plaintiffs' Complaint as follows:

1.  In answer to Paragraph 1, Central Recovery admits that Plaintiffs' Complaint alleges causes of action for trademark infringement and unfair competition, for unfair business practices, for unjust enrichment, and for injury to business reputation.

///

1      2.    Central Recovery lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 2 of the Complaint and therefore denies the same.

## I. THE PARTIES

3. Central Recovery lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 3 of the Complaint and therefore denies the same.

4. Central Recovery admits that it is a limited liability company organized and existing under the laws of the State of Nevada and that it conducts business in the Central District of California. Central Recovery denies the remaining allegations in Paragraph 4.

## II. JURISDICTION AND VENUE

5. Central Recovery admits the allegations in Paragraph 5.

6. Central Recovery admits the allegations in Paragraph 6.

7. Central Recovery admits the allegations in Paragraph 7.

8. Central Recovery admits it conducts business in the State of California and within the Central District of California. Central Recovery denies the remaining allegations in Paragraph 8.

9. Central Recovery admits that it conducts business within the Central District of California. Central Recovery is without knowledge or information sufficient to form a belief about whether Plaintiffs have their principal place of business in the Central District of California and therefore denies the same. Central Recovery denies the remaining allegations in Paragraph 9.

## III. FACTUAL BACKGROUND

10. Central Recovery lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 10 of the Complaint and therefore denies the same.

///

1    11.    Central Recovery admits to owning the domain name lasvegasrecovery.com. Central Recovery denies the remaining allegations in Paragraph 11.

    12.    Central Recovery lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 12 of the Complaint and therefore denies the same.

    13.    Central Recovery lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 13 of the Complaint and therefore denies the same.

    14.    Central Recovery lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 14 of the Complaint and therefore denies the same.

    15.    Central Recovery lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 15 of the Complaint and therefore denies the same.

    16.    Central Recovery lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 16 of the Complaint and therefore denies the same.

    17.    Central Recovery lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 17 of the Complaint and therefore denies the same.

    18.    Central Recovery denies the allegations in Paragraph 18.

    19.    Central Recovery denies the allegations in Paragraph 19.

    20.    Central Recovery denies the allegations in Paragraph 20.

    21.    Central Recovery admits that its website does not contain a disclaimer stating that Central Recovery is not affiliated or sponsored by Plaintiffs. Central Recovery denies that it was under any obligation to include such a disclaimer. Central Recovery denies the remaining allegations of Paragraph 21.

1 | 22. Central Recovery denies the allegations in Paragraph 22.

## IV. FIRST CLAIM FOR RELIEF

## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

23. Central Recovery incorporates Paragraphs 1 – 22 of its Answer as if fully set forth herein.

24. Central Recovery denies the allegations in Paragraph 24.

25. Central Recovery denies the allegations in Paragraph 25.

26. Central Recovery denies the allegations in Paragraph 26.

27. Central Recovery denies the allegations in Paragraph 27.

## V. SECOND CLAIM FOR RELIEF

## FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

28. Central Recovery incorporates Paragraphs 1 – 27 of its Answer as if fully set forth herein.

29. Central Recovery denies the allegations in Paragraph 29.

30. Central Recovery denies the allegations in Paragraph 30.

31. Central Recovery denies the allegations in Paragraph 31.

32. Central Recovery denies the allegations in Paragraph 32.

## VI. THIRD CLAIM FOR RELIEF

## CALIFORNIA UNFAIR COMPETITION
## (Cal. Bus. & Prof. Code § 17200 et seq.)

33. Central Recovery incorporates Paragraphs 1 – 32 of its Answer as if fully set forth herein.

34. Central Recovery denies the allegations in Paragraph 34.

35. Central Recovery denies the allegations in Paragraph 35.

36. Central Recovery denies the allegations in Paragraph 36.

///

///

///

## VII.  FOURTH CLAIM FOR RELIEF
## UNJUST ENRICHMENT

37.  Central Recovery incorporates Paragraphs 1 – 36 of its Answer as if fully set forth herein.

38.  Central Recovery denies the allegations in Paragraph 38.

39.  Central Recovery denies the allegations in Paragraph 39.

40.  Central Recovery denies the allegations in Paragraph 40.

## VIII.  FIFTH CLAIM FOR RELIEF
## INJURY TO BUSINESS REPUTATION

41.  Central Recovery incorporates Paragraphs 1 – 40 of its Answer as if fully set forth herein.

42.  Central Recovery denies the allegations in Paragraph 42.

## IX.  DEMAND FOR JURY TRIAL

43.  Paragraph 43 contains no claims or allegations asserted against Central Discovery and no response is required.  To the extent a response is required, Central Discovery lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 43 of the Complaint and therefore denies the same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

Plaintiffs have failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Unclean Hands)**

Plaintiffs are barred, in whole or in part, by the doctrine of unclean hands.

/ / /

/ / /

/ / /

### THIRD AFFIRMATIVE DEFENSE
### (No Federal Registration)

Plaintiffs do not have standing to bring a trademark infringement claim under 15 U.S.C. § 1114 because Plaintiffs are not the owners of a federally registered mark.

### FOURTH AFFIRMATIVE DEFENSE
### (No Federal Registration)

Plaintiffs' trademark infringement claim under 15 U.S.C. § 1114 fails because Plaintiffs do not own a federal registration for the marks complained of in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE
### (No Standing – Passages Silver Strand LLC)

Plaintiff Passages Silver Strand, LLC lacks standing to bring any and all trademark claims alleged in this action because it is a mere licensee and is not the owner of the claimed mark.

### SIXTH AFFIRMATIVE DEFENSE
### (Mere Licensee)

Plaintiff Passages Silver Strand, LLC's state trademark registration and federal trademark application are invalid because Plaintiff Passages Silver Strand, LLC is a mere licensee and is not the owner of the claimed mark.

### SEVENTH AFFIRMATIVE DEFENSE
### (Fraudulently Obtained Mark Registrations)

Upon information and belief, Plaintiffs' claims are barred because Plaintiffs obtained the California mark registrations at issue by fraudulent means.

### EIGHTH AFFIRMATIVE DEFENSE
### (Unlawfully Obtains Mark Rights)

Plaintiffs' claimed mark rights were obtained by wrongful, surreptitious and willful misappropriation and infringement.

/ / /

## NINTH AFFIRMATIVE DEFENSE

### (No Likelihood of Confusion)

Central Recovery's use, if any, of any mark complained of in the Complaint is not deceptive, presents no likelihood of confusion as to source, sponsorship or affiliation, and makes no false statement or misrepresentation of fact.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs' claims are barred by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Fair Use)

Central Recovery's use, if any, of any mark complained of in the Compliant constitutes fair use.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Use in Commerce)

Central Recovery's use, if any, of any mark complained of herein does not constitute use in commerce of such mark.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Frivolous Suit)

Plaintiffs' claims against Central Recovery are barred because the allegations of the Complaint regarding Central Recovery are frivolous, factually baseless, and are brought for the purposes of economic coercion and to gain a competitive advantage that the Plaintiffs would not otherwise enjoy absent this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Willful Infringement)

Central Recovery has not willfully infringed any of Plaintiffs' marks complained of in the Complaint.

/ / /

/ / /

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Generic Marks)

Plaintiffs' marks complained of in the Complaint are generic, are not distinctive, and have acquired no secondary meaning.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (No Attorneys' Fees and Costs)

Plaintiffs have not alleged facts, and Central Recovery has not engaged in conduct, that entitles Plaintiffs to an award of attorneys' fees and costs.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

Plaintiffs' claims for injunctive relief are barred because, even if Plaintiffs were to prevail, Plaintiffs have an adequate remedy at law.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Damages)

Plaintiffs have suffered no damages and the damages claimed by Plaintiffs are speculative and therefore are not recoverable.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Commercially Reasonable Acts)

At all times Central Recovery acted in a commercially reasonable and lawful manner.

### TWENTIETH AFFIRMATIVE DEFENSE
### (No Standing under UCL – Cal. Bus. & Prof. Code § 17200)

Plaintiffs lack standing to assert a claim under the UCL (Cal. Bus. & Prof. Code § 17200) because Plaintiffs have not suffered an injury in fact and have not lost money or property.

/ / /

/ / /

/ / /

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Reservation)

At the time of the filing of this Answer all possible affirmative defenses may not have been alleged inasmuch as insufficient facts and relevant information may not have been available after reasonable inquiry under the circumstances, and therefore in accordance with the provisions of Fed. R. Civ. P. 11, Central Recovery reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation so warrants.

### X.  PRAYER FOR RELIEF

Wherefore, Central Recovery prays for entry of judgment and relief as follows:

1. That Plaintiffs take nothing by way of their Complaint;
2. Awarding Central Recovery its reasonable attorneys' fees and costs; and
3. Awarding to Central Recovery such other and further relief as the Court deems just and proper.

DATED: January 12, 2010       LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: s/Ben West
Ben West
Attorneys for Defendant Central Recovery Treatment, LLC, a Nevada limited liability company, doing business as Las Vegas Recovery Center

## DEMAND FOR JURY TRIAL

Defendant Central Recovery Treatment, LLC hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: January 12, 2010     LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: /Ben West
Ben West
Attorneys for Defendant Central Recovery Treatment, LLC, a Nevada limited liability company.

101208315.1