R. Joseph Trojan  CA Bar No. 137,067
trojan@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:   310-777-8399
Facsimile:    310-777-8348

Attorneys for Plaintiffs
Passages Silver Strand, LLC and
Grasshopper House, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Grasshopper House, LLC**, a California limited liability company doing business as Passages Malibu, **Passages Silver Strand, LLC**, a California limited liability company,<br><br>        Plaintiffs,<br>    vs.<br><br>**Central Recovery Treatment, LLC**, a Nevada limited liability company, doing business as Las Vegas Recovery Center,<br><br>        Defendant. | CASE NO. CV-09-9352 DSF (PJWx)<br><br>**PLAINTIFFS' RESPONSE TO JANUARY 20, 2010 ORDER RE: NOTICE TO THE PATENT AND TRADEMARK OFFICE**<br><br>Hon. Dale S. Fischer |

-1-

Plaintiffs Grasshopper House, LLC ("Grasshopper House") and Passages Silver Strand, LLC ("Passages") (collectively "Plaintiffs") hereby submit this Brief in response to the Court's January 20, 2010 Order requesting that Plaintiffs comply with a notice requirement pursuant to Local Rule 3-1, which can be satisfied by filing Form AO 120 with the Patent and Trademark Office ("PTO").

This Court has two separate sources of authority for jurisdiction over Plaintiffs' trademark and infringement and unfair competition claims against Defendant Central Recovery Treatment, LLC (hereinafter "Defendant" or "Central Recovery"). First, this Court has diversity jurisdiction over Plaintiff's civil action pursuant to 28 U.S.C. § 1332. Second, this Court has federal question subject matter jurisdiction over Plaintiffs' civil action pursuant to 28 U.S.C. §§ 1331 and 1338. Local Rule 3-1 specifically addresses cases brought under 28 U.S.C. § 1338.

Local Rule 3-1 provides, in pertinent part, that:

> In all cases where jurisdiction is invoked in whole or in part under 28 U.S.C. § 1338 (regarding patents, plant variety protection, copyrights and trademarks), the Clerk shall also be provided at the time of filing with the original and two copies of the required notice to the Patent and Trademark Office in patent, plant variety protection and trademark matters and the original and four copies of the required notice in copyright matters.

However, as noted on Form AO 120, such notice is only required for compliance with 15 U.S.C. § 1116. Notice to the PTO is required only for those cases involving marks registered under the provisions of the Lanham Act. *See* 15 U.S.C. § 1116(c). The trademarks in dispute do not fall under this category as they have not been registered with the PTO. Thus, providing notice to the PTO would be inappropriate. While Plaintiffs' marks are registered with the California Secretary of State, Plaintiffs are unaware of any notice requirement for the California

TROJAN LAW OFFICES
BEVERLY HILLS

-2-

Secretary of State. As such, the notice requirements described by Local Rule 3-1 and 15 U.S.C. § 1116 are not applicable.

        Respectfully submitted,

        TROJAN LAW OFFICES

        by

Dated: January 20, 2010        /s/ R. Joseph Trojan

        R. Joseph Trojan

        Attorneys for Plaintiffs
        Passages Silver Strand, LLC and
        Grasshopper House, LLC.

-3-